UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| IN RE | Bankruptcy Case |
| HAROLD W. WHITESCORN, | No. 13-60159-fra13 |
| Debtor. | MEMORANDUM OPINION |

## BACKGROUND

Debtor Harold Whitescorn and his then-wife Shawn Whitescorn filed a 2009 chapter 13 bankruptcy. (09-66531-fra13). On July 12, 2012, a secured lender, NW Bend Real Estate Holdings, LLC, filed for relief from the automatic stay to enable it to foreclose on its lien on the Debtors' commercial real property in Medford. Debtors did not respond to the motion and a default order granting relief from stay was entered on August 1, 2012.

On August 15, 2012, the Trustee filed a motion to dismiss the bankruptcy case based on the Debtors' failure to submit 2010 and 2011 tax returns and refunds, if any, to the Plan. There is no indication in the record that Debtors responded to the motion (e.g. filing an objection to the motion to dismiss) and an order of dismissal was entered on September 24, 2012. Debtor's present attorney says that Mr. Whitescorn had, however, turned over his separately-filed tax returns showing no refunds due.

On January 22, 2013, Debtor Harold Whitescorn filed his present chapter 13 case and, on February 20, 2013, filed a motion to extend the automatic stay. The motion was objected to by NW Bend and a

// // //

MEMORANDUM OPINION-1

hearing before the bankruptcy court was held on March 5, 2013. The court agreed to allow the parties seven days to file additional memoranda, at which time the court would make its final ruling.

## DISCUSSION

A. Automatic Stay Was Already Terminated

11 U.S.C.§ 362(c)(3)[1] provides in relevant part:

> (3) if a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b) --
> (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;
> (B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after *notice and a hearing completed before the expiration of the 30-day period* only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed;

(Emphasis added).

The Debtor's previous bankruptcy case was dismissed within one year of his present filing, making his present case subject to the requirements of § 362(c)(3). Under that provision, the automatic stay terminates on the 30th day after the bankruptcy filing date unless a party in interest moves to extend the stay, sufficient notice is provided of a hearing, and the court finds that the second case was filed in good faith and extends the stay *prior to* the expiration of the 30-day period.

In this case, the bankruptcy case was filed on January 22, 2013 and the motion filed by Debtor to extend the stay was not filed until February 20, 29 days after the petition filing date. By the time the hearing was held before the court on March 5 to extend the stay, more than 30 days had elapsed from the petition

// // //

---

[1] Hereinafter, all statutory references, unless otherwise stated, are to the Bankruptcy Code, 11 U.S.C. §§ 101 to 1532.

MEMORANDUM OPINION-2

filing date, and the automatic stay had already been terminated as of February 21. The court therefore lacks any discretion to extend the automatic stay in this case.

B. Stay Terminated in its Entirety

Pursuant to *In re Reswick*, 446 B.R. 362 (9th Cir. BAP 2011), the automatic stay is terminated under § 362(c)(3)(A) in its entirety, meaning both as to the debtor and his property and as to property of the estate. Creditor NW Bend is therefore free to exercise its rights under state law to foreclose its interest in the collateral.

## CONCLUSION

For the foregoing reasons, the court will enter an order denying Debtor's motion to extend the automatic stay.

FRANK R. ALLEY, III
Chief Bankruptcy Judge

MEMORANDUM OPINION-3